Dear Representative Stine:
Attorney General Opinion Number 92-766 regarding the classification of funds received by the state pursuant to a resolution of royalty audit claims against Chevron USA, Inc., specifically addressed the following inquiry stated in your correspondence to this office dated October 26, 1992:
 It was recently announced that the settlement with Chevron U.S.A. for $20 million in a claim involving underpayment of natural gas royalties has been settled. Are these monies going to be deposited into the Mineral Revenue Audit and Settlement Fund pursuant to Article 10.5 of the Louisiana Constitution?
The actual facts of the resolution, however, differ from those referred to in your request. Through the State Mineral Board, the State of Louisiana entered into two (2) separate settlement agreements with Chevron to settle various claims arising from an audit of royalty payments made to the State by Chevron and its predecessor, Gulf Oil.
Due to the existence of outstanding audits and other legal matters, it is often necessary that the State Mineral Board and the Attorney General's Office segregate and settle certain issues and claims separately when entering into Settlements or Compromises on claims arising from State leases.
The Board's settlements with Chevron were for 18 million and 2 million dollars, respectively. The larger settlement covered eight (8) separate legal and factual issues that were similar to others that the State currently has in other outstanding royalty audits. The smaller settlement involved 2 issues, specifically FERC Order 94 collections and Merchantable cost deductions.
The smaller settlement was classified for deposit on behalf of the Department of Justice Claims Recovery Fund pursuant to LSA-R.S. 49:259. One point eight (1.8) million dollars was classified for deposit on behalf of the Department of Justice, while the balance of two hundred (200) thousand dollars was deposited in accordance with the Parish Royalty Road Fund and distributed to the respective parishes, pursuant to LSA-Const. Art. VII, § 4(E).
As to the general interpretation of LSA-Const. Art. VII § 10.5, the opinion of our office concerning this constitutional provision is affirmed as reflected in Attorney General Opinion Number 92-766.
Should you have further inquiries regarding this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
RPI/KLK/0194E